**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Juan C. Estela, on behalf of the minor children of Decedent, Virgen Estela,<br><br>                Plaintiff,<br><br>vs.<br><br>FirstFleet Inc., Ronald Darnell Porter, John and Jane Does I-Z; ABC Corporations 1-5; and QRS Limited Liability Companies 1-5,<br><br>                Defendants. | No. CV-09-08179-PHX-GMS<br><br>**ORDER** |

Pending before the Court are the following motions: (1) Defendant FirstFleet Inc.'s Motion for Summary Judgment (Doc. 39); and (2) Defendant Ronald Porter's Motion for Summary Judgment (Doc. 49). For the reasons stated below, the Court grants both Defendants' motions.

**BACKGROUND**

The facts are essentially undisputed. On May 10, 2008, Decedent Virgen Estela ("Estela") was a passenger in a tractor-trailer being driven by Defendant Ronald Porter ("Porter"). Porter and Estela's two minor children, ages 1 and 2, were also in the sleeper portion of the trailer. The tractor-trailer was owned by Defendant FirstFleet, Inc. ("FirstFleet"), Porter's employer. While Porter was driving the trailer on Interstate 17, he and Estela got into an argument, prompting Estela to open the passenger door of the truck

and threaten to jump. Porter took the next available exit. While the passenger door was still open, Porter slowed down as he exited the highway, trying to bring the vehicle to a complete stop. After Porter yelled out to her, "What are you doing?", Estela proceeded to jump out of the trailer while it was still in motion. Porter then turned the tractor-trailer to the left so that it would not hit her. Porter did not slam on the brakes, but after coming to a complete stop, he exited the truck and discovered Estela lying on the roadway. She had been struck by the trailer tires. There were no witnesses to the accident. However, the parties do not dispute that the physical evidence at the scene, including tire marks, footprints, and hand prints, indicates that after Estela jumped, she took a few steps in roughly the same direction and angle as the trailer was traveling.

Plaintiff alleges that Defendant Porter negligently turned the truck in a manner that caused the trailer to run over Estela, causing her death. Plaintiff asserts a negligence claim against Porter for Estela's wrongful death. Plaintiff also contends that FirstFleet is liable for Porter's negligence pursuant to the theory of *respondeat superior*.[1] Defendants move for summary judgment on both claims.

## DISCUSSION

### I.   Legal Standard

Summary judgment is appropriate if the evidence, viewed in the light most favorable to the nonmoving party, demonstrates "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c)(2). Substantive law determines which facts are material and "[o]nly disputes over facts that

---

[1] In his Complaint, Plaintiff also asserts a negligent entrustment claim against Defendant FirstFleet. Pursuant to Plaintiff's own Notice of Dismissal of Negligent Entrustment Claim (Doc. 35), the Court entered an Order dismissing that claim on September 27, 2010, (Doc. 36). In response to FirstFleet's motion for summary judgment, Plaintiff attempts to reassert his negligent entrustment claim because of Defendant's assertion of an unauthorized passenger defense. (Doc. 51 at 11). Plaintiff failed to amend his complaint within the appropriate time period and cannot reassert a previously withdrawn claim at the summary judgment stage.

might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).  "A fact issue is genuine 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002) (quoting *Anderson,* 477 U.S. at 248). Thus, the nonmoving party must show that the genuine factual issues "'can be resolved only by a finder of fact *because they may reasonably be resolved in favor of either party*.'" *Cal. Architectural Bldg. Prods., Inc. v. Franciscan Ceramics, Inc.*, 818 F.2d 1466, 1468 (9th Cir. 1987)  (quoting *Anderson*,  477 U.S. at 250).

## II.   Defendants' Motions for Summary Judgment

### A.   Negligence Claim Against Porter[2]

To prevail on a claim for negligence, Plaintiff must prove four elements: (1) a duty on the part of Defendant Porter to exercise reasonable care, (2) a breach of that duty, (3) a causal connection between Porter's negligent conduct and the resulting injury, and (4) actual damages. *Gipson v. Kasey*, 214 Ariz. 141, 143, 150 P.3d 228, 230 (2007). The existence of a duty is generally a question of law, while the other three elements are factual issues "generally within the province of the jury." *Ritchie v. Krasner*, 221 Ariz. 288, 295,  211 P.3d 1272, 1279 (App. 2009) (citing *Gipson*, 214 Ariz. at 143, 150 P.3d at 230). Defendants do not contest that Porter owed Estela the duties imposed upon motorists to operate a vehicle at a reasonable speed and with prudence, and to avoid colliding with pedestrians. (Doc. 57 at 2–3). However, Defendants contend that Plaintiff points to no evidence to establish the second or third elements of a negligence claim –  breach or causation. (Doc. 39, 49).

The moving parties bear the initial burden of showing that there exists no genuine issue of material fact, a burden that can be "discharged by . . . pointing out to the district court . . . that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *see also Nissan Fire & Marine Ins. Co. v. Fritz*

---

[2] Defendant Porter joins with and incorporates co-Defendant FirstFleet's Motion for Summary Judgment. (Doc. 49 at 1).

1    *Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000) ("[T]he moving party [may] . . . show that the

2    nonmoving party does not have enough evidence of an essential element to carry its ultimate

3    burden of persuasion at trial."). Defendants assert that Plaintiff has presented no evidence

4    that Defendant Porter breached his duty of reasonable care by swerving to the left when

5    Estela jumped out of the passenger seat of the trailer cab or that Defendant Porter's actions

6    were the cause of Estela's death. (Doc. 39). It is undisputed that after Estela opened the

7    passenger door of the tractor-trailer and threatened to jump, Defendant Porter took the next

8    available exit off the interstate and slowed down as he exited. It is also undisputed that after

9    Estela jumped, Porter turned the tractor-trailer away from her so as to not hit her. Thus,

10   Defendants assert that Plaintiff has failed to point to any evidence to support Porter's alleged

11   breach of his duty of reasonable care.

12           Once the moving parties have met their initial burden, as the Defendants have done

13   here, the nonmoving party bears the burden of demonstrating the existence of some genuine

14   issue of material fact, that is, sufficient admissible evidence to support a jury verdict in its

15   favor at trial. *Celotex*, 477 U.S. at 324, 327. Plaintiff's only attempt to establish the existence

16   of a genuine issue of material fact with respect to the required breach element is to assert that

17   Porter's negligence can be inferred by relying on the opinions of "competent accident

18   investigators [who] were on the scene immediately after." (Doc. 51 at 5). Nevertheless,

19   Plaintiff has not pointed to any evidence from the investigators, medical examiner or anyone

20   else to create a triable issue of fact with respect to this element. In his Initial Disclosure

21   Statement, provided by Plaintiff on February 5, 2010, he disclosed the following about each

22   of the individuals he believes can demonstrate the required elements of his negligence claim:

23   1) Medical Examiner Dr. Philip Keen "will testify regarding the cause of death", 2) Detective

24   Ross Diskin was one of the responding officers who also attended Estela's autopsy and "will

25   testify regarding her injuries being consistent with being run over by a trailer", 3) Detective

26   A. Jaramillo received the drug screen examination of Porter and "will testify regarding the

27   negative test results", 4) T. Legler  was another responding officer who prepared a diagram

28   of the scene documenting tire marks, footprints and other evidence, and "will testify to the

scale and accuracy thereof", 5) M. Yates, O. Thomsen, Sergeant C.J. Myhre, A. Kollmer, J. McDormett, J. Nelson, S. Weber, and Sergeant L. Huante were other responding officers, some of whom prepared supplemental narratives of the incident.  However, Plaintiff does not specify what these officers would testify to.

Moreover, Plaintiff does not point to any admissible evidence in the several reports of the investigating officers or medical examiner that would suggest that Defendant Porter was negligent in turning the trailer away from Estela upon her jumping out. In fact, the officers and medical examiner would not be qualified to testify as to what action Porter should have taken in operating the tractor-trailer when Estela jumped. Such testimony would be limited to an expert who has specialized knowledge in the area of accident reconstruction and/or the operation of commercial vehicles.[3] *See Woodward v. Chirco Constr. Co., Inc.*, 141 Ariz. 520, 522, 687 P.2d 1275, 1277 (App. 1984), *approved as supplemented by* 141 Ariz. 514, 687 P.2d 1269 (1984) (Arizona "law requires expert testimony when a layman is not competent to judge whether or not a particular practice is negligent."); *see also Allied Van Lines, Inc. v. Parsons*, 80 Ariz. 88, 93, 293 P.2d 430, 433 (1956) (finding that the operation of a Greyhound bus, which was equipped with air brakes, suspended on air bellows instead of springs, and which requires special training, was properly the subject of expert testimony).

The Court's Case Management Order (Doc. 21) states that the Plaintiff "shall provide full and complete expert disclosures as required by Rule 26(a)(2)(A)-(C)" and that "[d]isclosures under Rule 26(a)(2)(A) must include the identities of treating physicians and other witnesses who have not been specially employed to provide expert testimony in this case, but who will provide testimony under Federal Rules of Evidence 702, 703, or 705." (Doc. 21 at 2–3). The Order further provides that "[a] Rule 26(a)(2)(B) report is required for any opinion of such witnesses that was not developed in the course of their treatment or other

_____

[3] Plaintiff did not disclose any experts by the extended expert disclosure deadline of September 30, 2010. (Doc. 31).

factual involvement in this case." (*Id*. at 3). Thus, while Plaintiff did not need to provide a Rule 26(a)(2)(B) report for the eleven investigating officers and medical examiners because their opinions were developed in the course of their involvement with the accident, Plaintiff had to disclose these individuals as experts if he intended for them to testify under Rules 702, 703, or 705.

Having failed to disclose these individuals as experts pursuant to Rule 26(a)(2)(A), Plaintiff is limited to relying on their lay testimony pursuant to Rule 701. Rule 701 explains that lay testimony is limited to opinions or inferences which are "rationally based on the *perception* of the witness" and "not based on scientific, technical, or other specialized knowledge." (emphasis added). The Advisory Committee's Note to the 2000 Amendments further explains that the amendment incorporates the following distinctions: "lay testimony 'results from a process of reasoning familiar in everyday life,' while expert testimony 'results from a process of reasoning which can be mastered only by specialists in the field.'" FED. R. EVID. 701 advisory committee's note (quoting *Tennessee v. Brown*, 836 S.W.2d 530, 549 (Tenn. 1992)). Testimony regarding the operation and maneuvering of a commercial carrier, which requires a specialized license and training, would not be "'common enough'" to require only a "limited amount of expertise." *United States v. Figueroa-Lopez*, 125 F.3d 1241, 1245–46 (9th Cir. 1997) (quoting *United States v. VonWillie*, 59 F.3d 922, 929 (9th Cir. 1995)). Because the investigating officers and medical examiners were not disclosed as experts, they can only testify as lay witnesses within the scope of Rule 701, thereby precluding them from offering any technical or specialized knowledge about Porter's maneuvering of the trailer after Estela jumped out, and whether the decision to turn the trailer away from Estela fell below the standard of care.

The Ninth Circuit's unpublished decision in *Burnham v. United States* does not effect this conclusion. No. 09-16581, 2010 WL 4069088 (9th Cir. Oct. 18, 2010). *Burnham* involved a two-car collision in which the driver of one car died in the accident and the other was knocked unconscious and had no recollection of what had transpired. There were no other witnesses to the accident. This Court held that the observations of the decedent's friend,

who visited the scene of the car accident the day after it occurred, provided no basis for a jury to conclude whether defendant had caused the accident. 2009 WL 2169191 (D. Ariz. July 20, 2009). The Ninth Circuit reversed, in part, holding that while the District Court did not err in excluding the friend's proposed expert testimony, the friend's lay testimony regarding the scene of the accident, in particular his visual observations that there was debris and a gouge in the asphalt on the decedent's side of the road, was admissible and could support an inference by the trier of fact that the collision occurred on decedent's side of the road, and therefore an inference of negligence on the part of the defendant.

As in *Burnham*, no expert testimony is available to Plaintiff either by retained or non-retained experts about accident reconstruction or the proper standard of care in driving a tractor-trailer or its performance characteristics. However, unlike *Burnham*, Plaintiff here fails to identify any other lay testimony or evidence from which it can be inferred that Defendant Porter was negligent by swerving to the left when Estela jumped out from the right side of the trailer's cab. Rather, the parties generally agree to Defendant Porter's version of the facts. Porter does not dispute that Estela was run over by the tire of the tractor-trailer which he was driving, but where decedent herself jumped from the moving trailer that she was subsequently run over by, that she in fact was run over does not give rise to an inference of negligence in the Defendant. This is especially true because it remains undisputed that after Estela threatened to jump, Porter took the next available exit and slowed the vehicle. Moreover, after she jumped out to the right, Defendant swerved to the left. Estela then took several steps in the same direction and angle as the trailer was moving before the tire rolled over her. Plaintiff's suggestion that Porter should have stopped immediately also fails to give rise to an inference of negligence where Plaintiff points to no evidence to indicate that had Porter abruptly slammed on the brakes, the tractor-trailer could have stopped in time to avoid striking Estela. Therefore, *Burnham* is clearly distinguishable from the present case not only because the accidents are factually dissimilar, but also because Plaintiff, unlike Burnham, has failed to provide any evidence from which a reasonable juror could make a possible inference of negligence.

1    Both the undisputed evidence and Plaintiff's failure to provide any evidence of

2    negligence or even an inference of negligence obliges the Court to conclude that this is one

3    of those rare instances where Plaintiff has failed to identify any evidence from which a

4    reasonable juror could find that Defendant Porter breached his duty of reasonable care. Nor

5    does Plaintiff identify evidence which could support an inference that Porter caused Estela's

6    death through his negligent conduct.[4]   Therefore, summary judgment on Plaintiff's

7    negligence claim against Porter is proper.

8    **B.    Negligence Claim against FirstFleet**

9    Plaintiff also asserts a negligence claim against Defendant FirstFleet pursuant to the

10   doctrine of *respondeat superior*. Under this theory, an employer can be held vicariously

11   liable for the negligent work-related actions of its employees. *See Tarron v. Bowen Mach.*

12   *& Fabricating, Inc*., 225 Ariz. 147, 150, 235 P.3d 1030, 1033 (2010); *see also Carnes v. Phx.*

13   *Newspapers, Inc*., __Ariz. __, ¶ 9,  251 P.3d 411,__ (App. 2011) ("In Arizona, an employer

14   may be held vicariously liable on the theory of respondeat superior for negligent driving of

15   a vehicle by its employee if the facts establish an employer-employee relationship and the

16   negligence of the employee occurred during the scope of her employment." (citing *State v.*

17   *Superior Court (Schraft)*, 111 Ariz. 130, 132, 524 P.2d 951, 953 (1974) (internal citations

18   omitted))). As previously discussed, Plaintiff has failed to establish a negligence claim

19   against Defendant Porter. Accordingly, Plaintiff's claim against Porter's employer, FirstFleet,

20   under the theory of respondeat superior also fails as a matter of law. *See, e.g., Ford v. Revlon*,

21   153 Ariz. 38, 42, 734 P.2d 580, 584 (1987) ("[W]hen the master's liability is based solely

22   on the negligence of his servant, a judgment in favor of the servant is a judgment in favor of

23   the master."); *Torres v. Kennecott Copper Corp*., 15 Ariz. App. 272, 274, 488 P.2d 477, 479

24   (App. 1971).  Thus, summary judgment in favor of Defendant FirstFleet is also appropriate

25

26

27   _____

28      [4] Although Defendants challenge the causation element, they do not contest that Estela died as a result of the trailer tire running over her. (Doc. 57 at 6).

on Plaintiff's negligence claim.[5]

**CONCLUSION**

To defeat summary judgment, Plaintiff must produce evidence "such that a reasonable jury could return a verdict" in his favor. *Anderson*, 477 U.S. at 248. Plaintiff has not met this burden with respect to the required breach and causation elements of his negligence claim. Accordingly, summary judgment is proper on Plaintiff's negligence claim against both Defendants.

**IT IS ORDERED**:

1.     Defendant FirstFleet's Motion for Summary Judgment (Doc. 39) is **GRANTED**.

2.     Defendant Porter's Motion for Summary Judgment (Doc. 49) is **GRANTED**.

3.     The Clerk of the Court shall terminate this action.

Dated this 30th day of June, 2011.

*A. Murray Snow*
G. Murray Snow
United States District Judge

---

[5] Because Plaintiff's negligence claim against Defendant FirstFleet fails as a matter of law, it is unnecessary to discuss FirstFleet's alternative unauthorized passenger defense pursuant to the 49 C.F.R. § 392.60 and the company's passenger policy.